**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES ASHFORD
ADC # 133975                                                                                      PLAINTIFF

V.                                          5:07CV00274 JLH/HDY

KENNETH HOWARD, CO - 1, Varner Super Max,
Arkansas Department of Correction                                                    DEFENDANT

**PROPOSED FINDINGS & RECOMMENDATION**

**INSTRUCTIONS**

The following recommended partial disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District
      Judge  (if such a  hearing is granted)  was not  offered at  the
      hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the
      hearing before the District Judge in the form of an offer of
      proof,  and a copy,  or the original, of any documentary or
      other non-testimonial evidence desired to be introduced at
      the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that the sole

Defendant, Kenneth Howard, a correctional officer at the Varner Super Max Unit of the Arkansas

Department of Correction, had subjected him to excessive force in violation of the Eighth

Amendment.  The Court granted Plaintiff leave to proceed *in forma pauperis* and directed that the

Defendant be served with notice of the action against him (docket entry #3).  Summons was issued

on October 29, 2007, but was returned by the U.S. Marshal's office as unserved (docket entry #13).

Service was first attempted at Defendant Howard's last-known place of employment, the Arkansas

Department of Correction, in care of the Arkansas Department of Correction Compliance Office.

Officials at the Arkansas Department of Correction then attempted to forward the summons to

Defendant Howard by mail to the last-known address they had on file, but that was unsuccessful and the summons was returned undelivered to the Court on January 30, 2008.

Plaintiff was then directed to provide the Court with any additional information that he might possess to assist the Court in effecting service on the Defendant (docket entry #14). Plaintiff did not respond, so on March 18, 2008 (docket entry #17) the Court appointed attorney Thomas Fuquay for the limited purpose of obtaining the address of and serving the Defendant. On April 8, 2008 (docket entry #25), attorney Fuquay reported to the Court that his attempts to locate the Defendant had been unsuccessful. Among other efforts, the attorney utilized the services of a professional process-server who found several previous addresses for the Defendant through a bankruptcy filing and physically searched for the Defendant at these locations without success. Having made diligent efforts without locating the Defendant, the attorney requested leave to be relieved as counsel, and that request was granted on April 17, 2008 (docket entry #26). Plaintiff was informed in that Order that there were no further steps available for the Court to take on Plaintiff's behalf and that he would be granted an additional thirty days in which to provide any further information he might have to locate Defendant Howard.

On April 25 and April 30, 2008, Plaintiff filed Responses stating that he had heard that Defendant Howard had a wife, Mrs. Howard, who worked at the Cummins Unit, and he "need[ed] a court order for [her] to be investigated" (docket entries ##30 and 31). Plaintiff has now recently filed a Motion to Amend (docket entry #34) asking for leave to add six additional Defendants, officers at the Varner Super Max Unit whom he accuses of using excessive force against other inmates.

In light of the impossibility of serving Defendant Howard with notice of the action filed

against him, the undersigned recommends that Plaintiff's claims be dismissed pursuant to

Fed.R.Civ.P. 4(m), which provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120
> days after the filing of the complaint, the court, upon motion or on its own initiative
> after notice to the plaintiff, shall dismiss the action without prejudice as to that
> defendant or direct that service be effected within a specified time; provided that if
> the plaintiff shows good cause for the failure, the court shall extend the time for
> service for an appropriate period.

*Id.  See also Brown v. City of Bloomington,*  280 F.Supp.2d 889, 892 (D.Minn. 2003).  Under Rule

4(c)(1), a plaintiff generally shoulders the responsibility to serve a copy of his complaint and the

summons upon a defendant within the time provided in Rule 4(m). However, in the case of a

plaintiff proceeding *in forma pauperis*, the court is obligated to issue process to a United States

Marshal who must effectuate service upon the defendants.  *See* 28 U.S.C. § 1915(c).

Although Plaintiff is relieved of the responsibility for service of a summons and complaint,

he must still provide the Court with enough information to enable the United States Marshal to

effectuate service of process.  *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985)(dismissal of a  "John

Doe" defendant named by a plaintiff proceeding *in forma pauperis* is proper when it appears that the

true identity of the defendant cannot be learned).   In his response to the Court's April 17th Order,

Plaintiff requests that the Court investigate the Defendant's wife (possibly his former wife) in an

attempt to locate the Defendant.  Although 28 U.S.C. § 1915(c) and Federal Rule of Civil Procedure

4(c)(2) entitle Plaintiff to have the summons and complaint served by the United States Marshal,

they do not authorize the Court to have a non-party interrogated about a family member's

whereabouts.   No other legitimate means exist for the Court to locate the Defendant. Because

Plaintiff has  failed to provide the Court with Defendant's address, or any information that would

lead to the discovery of his address, the Court concludes this action should be dismissed, without

prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

In addition, Plaintiff's Motion to Amend to add claims against six additional Defendants

should be denied as well.  Plaintiff does not allege any injury or abuse personal to himself by these

Defendants; while he indicates that he is frightened by the alleged actions, the excessive force he

describes is directed against "other inmates." Troubling as such allegations may be, Plaintiff cannot

state an actionable claim on behalf of others without personal injury to himself.

**Conclusion**

Accordingly,

IT IS THEREFORE RECOMMENDED that Plaintiff's claims against Defendant Howard

be DISMISSED WITHOUT PREJUDICE and his Motion to Amend (docket entry #34) be DENIED.

DATED this ____27____ day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE